# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Emily Vaughn Smith,<br><br>                  Debtor(s). | C/A No. 16-02562-HB<br><br>Chapter 7<br><br>**AMENDED[1] ORDER DENYING APPLICATION TO WAIVE CHAPTER 7 FILING FEE** |

      **THIS MATTER** came before the Court pursuant to an Application to Have the Chapter 7 Filing Fee Waived ("Application") filed by Emily Vaughn Smith.[2]

      The Court *may* waive the filing fee for a debtor upon proper application "if the court determines that such individual has income less than 150 percent of the income official poverty line (as defined by the Office of Management and Budget) . . . applicable to a family of the size involved **and** is unable to pay the fee in installments." 28 U.S.C. § 1930(f) (emphasis added). Under the Guide to Judiciary Policy set forth by the Judicial Conference of the United States, the debtor has the burden of showing that an application to waive the filing fee should be granted. *See* Guide to Judiciary Policy, Vol. 4, Ch. 8 at § 820.10 (Sept. 2013) *available at* http://www.uscourts.gov/rules-policies/judiciary-policies/bankruptcy-case-policies. The court should consider the totality of the circumstances in determining whether a debtor is unable to pay the filing fee. *Id.* at § 820.20(a)(4).

      Smith's Schedules indicate that she earns a gross monthly income of $1,836.00 and after deductions for taxes, uniforms, and insurance, has a total monthly take-home pay of $1,312.00 compared to the poverty guidelines listing of $1,485.00 as 150% of the

---

[1] The Court entered an Order denying the Application on May 25, 2016. ECF No. 12. The Order is amended to set forth the Court's reasoning in denying the Application.
[2] ECF No. 3, filed May 24, 2016.

income official poverty line for a household of one. Because Smith's income is below the poverty guidelines, the Court must then determine whether she can afford to pay and any other sources of funds Smith may have or receive that enable her to pay the $335.00 Chapter 7 filing fee.

Such determinations are made at the initiation of the case and often the information available to the Court is limited. In this case, the Court reviewed Smith's Voluntary Petition, Schedules, Statements, and Application. The Voluntary Petition indicates that Smith is employed and lives at 208 Navaho Drive, Spartanburg, South Carolina. Her filings disclose that she pays no rent, mortgage or household bills, but has household goods and a dog, which leads the Court to believe, from the limited information available, that she currently has a suitable place to live at no charge. The documents filed did not give any indication that her housing situation would change in the coming months. Additionally, Smith's Schedule D indicates she has adequate transportation. She lists a debt owed to Hyundai Capital America in the amount of $29,744.00 and secured by a 2015 Hyundai Accent purchased in February 2016, approximately four months prior to the filing of Smith's Voluntary Petition on May 24, 2016. On Schedule J, Smith allocates $387 per month for car payments on the 2015 Hyundai Accent. Schedule J also indicates Smith has a positive monthly net income of $2.00 per month even after the car payment, which is insignificant. However, to arrive at this number Smith allocates $85.00 per month for "Emergencies." Emergencies will certainly arise on a long-term basis, but without more detail in the Application to support Smith's inability to pay the filing fee in installments and with the understanding that Smith's housing, transportation and basic needs are met per her filed budget, the Court

cannot discount this excess $87.00 per month. Therefore, the Court finds that Smith can afford the installment payments, which are for a limited duration and are ordered to be paid as follows: $95.00 on or before June 6, 2016;[3] $80.00 on or before July 6, 2016; $80.00 on or before August 5, 2016; and $80.00 on or before September 6, 2016.

**IT IS, THEREFORE, ORDERED** that the Application is hereby **denied** and the Court's Order,[4] entered May 25, 2016, remains in full effect.

**FILED BY THE COURT**
**06/06/2016**



Entered: 06/07/2016

US Bankruptcy Judge
District of South Carolina

---

[3] On June 3, 2016, Smith remitted $95.00 to the Court.
[4] ECF No. 12.